## Coolbaugh v. Fitzgerald. No. 1

*Romeyn F. Culver*, for petitioner.

CULVER, P. J., July 30, 1942.—On July 24, 1942, plaintiff presented a petition setting forth facts which show he is entitled to receive from defendant, W. P. Fitzgerald, who is the owner and operator of an official inspection station at Towanda, Bradford County, which station is numbered 2761, an inspection certificate for the Chevrolet automobile described in the petition, and praying that an alternative mandamus issue against defendant to compel him to deliver to plaintiff an inspection certificate in accordance with the laws of the Commonwealth of Pennsylvania.

Defendant accepted service of this petition and the alternative writ on July 24, 1942, and has filed no answer thereto.

While no formal answer has been filed, defendant informs the court that the facts set forth in the petition are true and that he was willing and desired to deliver the inspection certificate to plaintiff, but was forbidden so to do by a State policeman in this district, who threatened to have defendant's license for the said inspection station revoked if he delivered the certificate of inspection to the owner of the car or, in fact, any

owner of a car, insisting that it is the duty of defendant to affix the certificate to the lower right-hand corner of the windshield of the car.

We have given this matter very careful consideration. The law is silent as to the place where the inspection certificate shall be displayed on a motor vehicle and, in our judgment, defendant has no responsibility in that respect. The law (section 823 (d) of The Vehicle Code of May 1, 1929, P. L. 905, as amended) provides that if a motor vehicle meets all the requirements when inspected, the inspection station shall issue to the owner or operator of the car an inspection certificate, and shall send a duplicate of the same to the proper department at Harrisburg. We think when the inspection station operator delivers the certificate to the owner or operator of the car, and sends the duplicate to the department at Harrisburg, he has done his full duty and all the law requires him to do; that he is in no way responsible for the place where the owner or operator of the car displays said certificate. That is a responsibility of the owner or operator and if he fails to display the certificate as the law requires he is subject to arrest and fine for violation thereof.

In our opinion, the owner or operator of a motor vehicle is justified in refusing to place the certificate of inspection on the lower right-hand corner of the windshield. In that position it is directly in front of the passenger riding on the right portion of the front seat, and likewise obstructs the side view of the driver when passing other cars or driving close to a curb or other obstruction.

Many operators of a motor vehicle place the inspection certificate on the upper corner of the windshield behind the mirror where it does not interfere with or obstruct the vision of the driver and where it is plainly visible to anyone including officers from the outside of the car.

So far as we can find, this question has been passed upon but once by the court. That was in the case of

Commonwealth v. Gilroy, 40 D. & C. 566. In that case defendant did not have an inspection certificate displayed on his car, but carried it in a pocket in the inside of his car. He was arrested for violation of the act and Judge Reader said (p. 567) :

"The sole question is whether he was required, under the law, to display the certificate by having it placed upon the windshield of the car, or upon such other place upon the car as to render it visible to one looking at the car."

The Vehicle Code of May 1, 1929, P. L. 905, sec. 823 ($h$), as amended by the Act of June 27, 1939, P. L. 1135, sec. 19 provides:

"It shall be unlawful to operate any motor vehicle, trailer, or semi-trailer on a highway (1) during an inspection period, unless the motor vehicle, trailer, or semi-trailer has been inspected during the present or last preceding inspection period, . . . and (3) a certificate for the proper period furnished and displayed."

Judge Reader further said:

"After having considered the question involved and the provision of the statute, we are of the opinion that the requirement, in order to be made practically effective, must be interpreted to mean a display of the certificate in such manner as to be immediately visible to any one, particularly an officer, examining the car."

We fully concur with Judge Reader in this respect and are satisfied that it was the duty of defendant in this case upon receiving a tender of the official inspection fee (the motor vehicle having been found upon proper inspection to comply with all the requirements of the law) to issue to plaintiff the certificate required.

As it will be unlawful for plaintiff to operate the said motor vehicle upon a public highway after July 31st, without displaying such certificate, this is a case in which a peremptory mandamus should immediately issue to defendant requiring him upon receipt of the of-

ficial inspection fee to deliver to plaintiff the certificate of inspection asked for.

## Order

And now, to wit, July 30, 1942, after due and careful consideration, a peremptory mandamus is directed to issue immediately against defendant, W. P. Fitzgerald, commanding him immediately to deliver, upon receipt of the proper official inspection fee, to plaintiff, a certificate of inspection as provided by the laws of this Commonwealth. Costs to be paid by defendant.